**DENIED and Opinion Filed June 24, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00526-CV

## IN RE ENERGY TRANSFER LP, ENERGY TRANSFER MARKETING & TERMINALS, L.P., AND SEANTERRY BURKS, Relators

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-02975**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Kennedy

Before the Court is relators' May 3, 2024 petition for writ of mandamus. Relators challenge the trial court's order denying relators' pleas in abatement. Also before the Court is relators' May 10, 2024 motion for stay and temporary relief, including the response to that motion filed by real party in interest Frankie Bakkers, individually and as a representative of the estate of Michael Scott Gray, deceased; an amicus brief filed by Brydl Contracting, LLC opposing the motion; and relators' reply in support of their motion. Relators seek a stay of all trial court proceedings in the underlying suit.

Entitlement to mandamus relief usually requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A relator, however, need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case. *In re J.B. Hunt Trans., Inc.*, 492 S.W.3d 287, 299–300 (Tex. 2016) (original proceeding).

Relators bear the burden of providing the Court with a record that is sufficient to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relators were required to file with their petition a certified or sworn copy of every document that is material to their claim for relief and that was filed in the underlying proceeding. TEX. R. APP. P. 52.7(a)(1). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Electronics Research, Inc.*, No. 05-24-00476-CV, 2024 WL 1757245, at *1 (Tex. App.—Dallas Apr. 24, 2024, orig. proceeding) (mem. op.).

In her response to relators' motion, Bakkers represented that she had filed claims against Energy Transfer Crude Trucking LLC (ET Crude Trucking) in the underlying proceeding but relators had omitted that party from this original proceeding. In their reply, relators represented to this Court that Bakkers joined ET Crude Trucking as a defendant in the suit on January 2, 2024 (before the ruling at

issue), that they "inadvertently omitted" that defendant as a relator, and that relators would file an amended petition listing ET Crude Trucking as one of the relators.

Relators' petition fails to comply with rule 52 in two ways. First, relators failed to identify ET Crude Trucking in its list of parties and counsel. TEX. R. APP. P. 52.3(a) ("The petition must give a complete list of all parties. The petition must also give a complete list of the names of all counsel appearing in the trial or appellate courts . . . ."). Second, relators omitted from their mandamus record the petition Bakkers filed against ET Crude Trucking. In fact, there are no documents in relators' record that would alert this Court to ET Crude Trucking's existence in the suit below.

Weeks have passed since relators filed their reply, and relators have neither filed an amended petition for writ of mandamus nor supplemented their record to include Bakkers's petition against ET Crude Trucking. We conclude that the petition Bakkers filed against ET Crude Trucking in the underlying proceeding is relevant and material to relators' requested relief. *See* TEX. R. APP. P. 52.7(a)(1). Thus, relators failed to meet their burden to provide a sufficient record. This alone provides grounds for denying relators' petition.

In order to expedite a decision, however, we also reviewed relators' requested relief based on the petition and record before us. We conclude that relators failed to demonstrate a clear abuse of discretion.

Accordingly, we deny relators' petition. TEX. R. APP. P. 52.8(a).

We also deny relators' motion as moot.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

240526F.P05